# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ATLANTIC CITY ASSOCIATES NUMBER TWO (S-1), LLC | : | |
| v. | : | Civil No. CCB-11-78 |
| SAMUEL REALE, et al. | : | |

## MEMORANDUM

Atlantic City Associates Number Two (S-1), LLC ("Atlantic City Associates") has sued Samuel Reale and, his wife, Cynthia ("the defendants"). Atlantic City Associates alleges that the defendants defaulted on a lease on which they were guarantors, and seeks $750,000 in damages. Now pending before the court is the defendants' motion to dismiss or, in the alternative, to transfer venue to the United States District Court for the District of New Jersey. The issues in this case have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the following reasons, the defendants' motion to transfer will be granted.

## BACKGROUND

Atlantic City Associates is a Maryland limited liability company that serves as a landlord for the shopping center "The Walk" in Atlantic City, New Jersey. Mr. Reale is the president of Alexa, S.C., Inc. ("Alexa"), a New Jersey corporation with an office in Galloway Township, New Jersey. On February 26, 2009, Atlantic City Associates signed a five-year lease with Alexa for approximately 1,527 square feet of space inside the shopping center, where the Reales intended to sell hotdogs. The lease was drafted by Atlantic City Associates and sent to Mr. Reale

1

in New Jersey. In New Jersey, Mr. Reale signed the lease in his capacity as president of Alexa, but also signed the lease in his individual capacity as a guarantor. Mrs. Reale also signed the lease as a guarantor. The Reales then sent the lease back to Atlantic City Associates in Baltimore, Maryland, where it was signed by Gary Block, Development Director of Atlantic City Associates.

As guarantors of the lease, Mr. and Mrs. Reale's liability for the lease was coextensive with that of Alexa's. The terms of the guaranty contained a forum selection clause stating:

> This Guaranty shall be governed by and construed in accordance with the laws of the State of New Jersey applicable to agreements made and to be wholly performed within the State of New Jersey. Guarantor hereby consents to the jurisdiction of any competent court within Atlantic County, New Jersey, and Baltimore City, Maryland in Landlord's discretion, including, without limitation, Federal courts of the United States.

(Guaranty Agreement, Compl., Ex. A at 7.)

On January 20, 2010, Alexa defaulted on the lease and vacated the shopping center. On January 11, 2011, Atlantic City Associates filed this lawsuit against the Reales, as guarantors of the lease, seeking damages for unpaid rent. On March 7, 2011, the defendants filed a motion to dismiss or, in the alternative, for transfer of venue. The plaintiff has opposed the motion.

## **ANALYSIS**

In the motion currently pending before the court, the defendants advance two arguments. First, they argue that the forum selection clause contained in the guaranty agreement is unenforceable, and that the plaintiff's suit must, therefore, be dismissed for improper venue. Second, the defendants argue that, even if the forum selection clause is enforceable, this case should be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Because the defendants' motion to transfer will be granted, the court will not address the defendants' first argument, but assumes, without deciding, that the forum selection clause is enforceable.

A district court may transfer a case, in its discretion, to a district in which the case might otherwise have been brought, "[f]or the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a). Section 1404(a) requires an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). A court must consider the following factors when considering a motion to transfer venue: "(1) the weight accorded to the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." *Davis Media Grp., Inc. v. Best Western Int'l, Inc.*, 302 F. Supp. 2d 464, 470 (D. Md. 2004) (citing *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002)). To prevail on a motion to transfer venue under § 1404, a "defendant must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757, 770 (D. Md. 2009) (citation omitted). Mere assertions of inconvenience or hardship, without more, are insufficient to sustain a motion to transfer pursuant to § 1404(a). *Id.*

Atlantic City Associates chose to file suit in Maryland. While "a plaintiff's choice of forum is entitled to deference, [its] choice is not sacrosanct." *Zawatsky v. John Alden Life Ins. Co.*, 822 F. Supp. 1215, 1217 (D. Md. 1993). Atlantic City Associates is a Maryland company, but it appears that none of the conduct giving rise to this suit occurred in Maryland. *See Dicken v. United States*, 862 F. Supp. 91, 92-93 (D. Md. 1994) (giving a Maryland plaintiff's choice of a Maryland forum "little weight when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy.") While the lease governing the property at issue in this case required the Reales to send rental

payments to Atlantic City Associates's office in Baltimore, all of the defendants' interactions with Atlantic City Associates occurred in New Jersey, and the property itself is located in New Jersey, not Maryland. Moreover, Atlantic City Associates drafted a forum selection clause that identified either Maryland or New Jersey as appropriate jurisdictions for a dispute involving the guaranty agreement. (*See* Guaranty Agreement, Compl., Ex. A at 7.) Thus, while Atlantic City Associates chose to file suit in Maryland, transferring this action to New Jersey would still honor the forum selection clause and protect Atlantic City Associates's legitimate expectations in entering into the guaranty agreement with the Reales. *See Tech USA, Inc. v. Evans*, 592 F. Supp. 2d 852, 861 (D. Md. 2009) (emphasizing the importance of enforcing the parties' forum selection clause to "protect[] their legitimate expectations" in entering a contract).

The defendants have demonstrated that transferring this action to New Jersey will serve the convenience of the parties. Mr. Reale has declared through an affidavit that he is a small business owner with only one other employee and that his wife is an emergency nurse in Atlantic City who is required to be available on limited notice. (Reale Aff. ¶ 14-15, 17, Apr. 25, 2011.)[1] Requiring them to travel to Maryland for trial, therefore, would be a hardship on both defendants. The Reales also care for their elderly father who currently resides in their home. (*Id.* at ¶ 16.) Finally, all of the Reales's documents and records related to the property at issue in this case are located in Atlantic City, New Jersey. (*Id.* at ¶ 17.) While Atlantic City Associates correctly notes that a transfer cannot be granted if the effect would be "merely to 'shift the balance of convenience' to the Plaintiff," *Tech USA*, 592 F. Supp. 2d at 861 (citation omitted), it

---

[1] The plaintiff has moved to strike Mr. Reale's initial affidavit, dated March 4, 2011, on grounds that the facts stated in the affidavit were not based on his own personal knowledge. The defendants opposed the motion, but also submitted an additional affidavit by Mr. Reale, dated April 25, 2011. Because the court relied only on Mr. Reale's April 25, 2011, affidavit, the plaintiff's motion to strike will be denied as moot.

does not assert that proceeding with the case in New Jersey would cause any particular hardship to it or its employees other than noting that its records are maintained in its Baltimore office. Nothing else in the record indicates that Atlantic City Associates would be particularly burdened by attending a trial in New Jersey. Indeed, that it agreed to submit to the jurisdiction of New Jersey in the guaranty agreement's forum selection clause suggests that the plaintiff considered New Jersey a convenient, and even a favored, forum.

Transfer to New Jersey also may serve the convenience of the witnesses. The Reales have identified at least six third-party witnesses they intend to call at trial, all of whom reside in Atlantic County, New Jersey, more than 100 miles from Baltimore, Maryland. (*See* Reale Aff. ¶ 6-7.) In comparison, the plaintiff has identified only party-witnesses, its own employees, as potential witnesses at trial. *See Samsung Elecs. Co. v. Rambus Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2005) ("Party witnesses are the parties themselves and those closely aligned with a party, and they are presumed to be more willing to testify in a different forum, while there is no such presumption as to non-party witnesses."). Convenience of the witnesses, therefore, appears to favor transfer.[2]

Finally, the interests of justice also favor transfer to New Jersey. The "interests of justice" analysis "is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 857 (D. Md. 2005) (citation omitted). These factors include "the court's familiarity with the applicable law, the possibility of an unfair trial and the possibility of harassment." *Id.* Also relevant is the local interest in having localized controversies decided at home. *King v. Navistar*

---

[2] The court does not rely on this as a strong factor, as the defendants have not specifically described the relevance of these witnesses' testimony.

5

*Int'l Trans. Corp.*, 709 F. Supp. 261, 262 (D.D.C. 1989); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (noting the relevance of this "public factor" in the forum non conveniens context). Here, although Maryland has an interest in the rights of Atlantic City Associates because it is a resident of this state, it appears that New Jersey has a more significant interest in the resolution of this case. The property at issue in this case is located in New Jersey, and, pursuant to the forum selection clause, New Jersey state law controls this case. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947) (noting a public interest in having diversity cases tried in a forum familiar with governing law), *superseded on other grounds by* 28 U.S.C. § 1404. Accordingly, the court will grant the defendants' motion to transfer venue to New Jersey. A separate order follows.

<u>May 9, 2011</u>                                         <u>     /s/     </u>
Date                                                                 Catherine C. Blake
                                                                     United States District Judge